F. P. Bradstreet, contra.

(Ashtabula County Common Pleas.)
MARY HUBBARD v. THE EXECUTOR OF SYBIL WINSHEL, DECEASED.

(1). A contract by which a person is insured against damage or loss of a building by fire, does not adhere to the building or its title, so as to become real estate, and pass with the title by a conveyance. The liability created by such a contract, is conditioned solely, upon loss or damage by fire to the building. That liability is personal, between the parties to the contract, and is separate and distinct from the title to the building, to which it is only an incident.

(2). If the only interest of the insured in a building is a life estate, and the intent of the insured is not defined in the policy, but it is stipulated therein, that the insurer will not pay anything, in excess of the value of the interest, of the insured in the building, the life estate is the only interest insured.

(3). If the insurer receives a premium upon the whole amount mentioned in the policy by which a life estate is insured and that amount is in excess of the value of the life estate, those owning the estate in remainder will have no claim upon such excess of insurance, in the event of a total loss of the building, though the whole amount mentioned in the policy is paid to the owner of the life estate by the insurer and such excess equals or exceeds the cash value of an estate in fee, in the building.

(4). In this case there was no fraud and no change reducing the interest of the insured in the building; or increasing the risk—the insurance company received no premium on the $700 insurance mentioned in the policy, the building insured was totally destroyed by fire, while the policy was in force. Held, that the liability of the insurance company was fixed by sec. 3643, Revised Statutes, that the company was required by its provisions to pay to Sybil Winchel, the insured, the $700 insurance mentioned in the policy, though that amount was largely in excess of the value of her life estate.

Appeal from Probate Court.

HOWLAND, J.

This action comes into this court on appeal from the decision of the probate court, upon exceptions to the first item of an account of the executor, in which the executor credited the estate as follows:

"May 15th, 1896, to Society for Savings, Deposit————$600."

Mrs. Mary Hubbard excepts to that item. The grounds of her exception are, in substance, that a large part of that money is not the property of the

estate of Sybil Winchell, but avers it is the property of the estate of Henry Winchell, deceased; that the Ohio Farmers Insurance Company paid to the deceased in her life-time $700 to adjust its liability for the destruction of a dwelling-house, under a policy it issued—that this insurance money should be treated as real estate—that it was paid to her by mistake—that it should have been paid to the representatives of the estate of Henry Winchell, that she kept the part due Henry Winchell's estate separate from her money, and treated it as the property of the heirs of Henry Winchell.

This action has been tried and submitted, and we find the following facts have been proved: that Sybil Winchell is the widow, and the exceptor is the daughter of Henry Winchell, deceased, who died intestate, seized in fee of a farm situated in this county, that after his death, and in 1876, the widow and heirs met and adjusted their interests amicably in his real estate, that the heirs conveyed to the widow Sybil Winchell, by quit-claim deed, a life estate in thirty-five acres of the farm, that the widow quit-claimed her interest in the balance of the real estate to the heirs—that the homestead buildings, including the dwelling-house insured, were all on the thirty-five acre tract—that the widow then took exclusive possession of the thirty-five acres, and continued in the exclusive possession thereof, occupying it and living in said dwelling-house as her homestead, under said deed, from 1876 until her death on March 6th, 1896 — that she made application in writing to said insurance company to insure her in her name against damage to said building, by fire — a policy was issued to her upon said application, running five years from the 20th day of May, 1887. The application and policy are in evidence — that while that policy was in full force, fire caught in, and consumed the dwelling-house, and rendered it a total loss. The company paid Sybil Winchell the $700 in full settlement of its liability under said policy, that being the value of the house mentioned in the policy.

She used $100 of the money, and deposited the balance, $600, in the society for savings bank in Cleveland in her own name, to be repaid to her with interest, which is the $600 involved in this contention. Mrs. Winchell paid $11 in full for the premium on the policy, from her own individual money. The application and policy together, constitute the contract for said insurance.

The policy stipulates, in substance, that for, and in consideration of said premium, and of the conditions, limitations and requirements therein contained, that the company insures Mrs. Sybil Winchell against loss by fire or lightening, to the amount of $700 upon the house described in the application, and said company hereby agrees to make good unto the assured, Sybil Winchell, or to her assigns, all such immediate loss or damage, not exceeding the amount insured, nor the interest of the insured in the property; but if the interest of the insured is not truly stated in the application, then this insurance shall be void.

The exceptor relies upon the answer of Mrs. Winchell to the second and third questions in the application as sustaining her contention. They are as follows:

"2nd Q. Are you the absolute owner of this real estate? A. Yes."

"3rd Q. Is the deed in your name? A. Yes."

She was not asked to state the amount of her interest in the premises, or whether she was the owner in fee. She then had a deed of a life estate in the land, and was the absolute owner thereof, and did not claim any greater estate therein. May on Ins., sec. 285; Buffam v. Ins. Co., 10 Cushing, 540; Ins. Co. v. Kelly, 32 Maryland, 421; Kronk v. Ins. Co., 9 Pa. St. Ins. L. J., 26. The company insured Mrs. Winchell only as the owner of an interest in said dwelling-house, without attempting to ascertain, with any exactness, just what her interest was; but did limit its liability, under the policy, by stipulations in it, to her interest in the property, which was a life estate, and undertook to limit its

liability to a sum not exceeding the cash value of that estate in the house, at the time of the loss. The company thereby became liable to her upon the destruction of the house under the law as it stood before the enactment of section 3643, Revised Statutes of Ohio, in a sum not exceeding the cash value of her interest in the house at the time it was burned. Ins. Co. v. Hammer, 2 Ohio St., 452.

This contract between the company and Mrs. Winchell was a personal one, and an incident only to the premises insured, it did not attach, or in any way adhere to said building, so that the liability of the company under the policy, or the money paid to adjust the loss under it, can be treated as real estate. McDonald v. Black, 20 Ohio, 185; Carpenter v. Ins. Co., 16 Peters, U. S., 495; Hastings Exrs v. Ins. Co., 73 N. Y., 141, opin. 152; Turner v. Barows, 5th Wend., 541.

It has been earnestly claimed that the case of Wyman's Admr. v. Wyman, 26 N. Y., 253, sustains the contention of the exceptor. The facts in that case, briefly stated, are—That J. R. Wyman was the owner in fee of real estate, and of a hotel thereon; that he procured insurance upon the hotel in his own name in January, 1849, and died soon thereafter, leaving the policy of insurance in full force, and leaving a widow and heirs, to whom the title to the hotel descended. In October following his death, the hotel was destroyed by fire, while it is admitted said insurance was in full force. The heirs and the administrator, each claimed the insurance money, which was paid over by the company without objection on its part, to the administrator, under an agreement that the court should determine to whom it belonged. It was held, that insurance money, was not personal assets in the hands of the administrator, but should be treated by him as real estate.

The interest insured by Mrs. Winchell in the case under consideration, was her life estate only, and could not therefore descend to her heirs or be inherited. The loss under the policy was adjusted, and the money paid to her personally by the company in her life-time, and was deposited by her in the bank in her own name, to be paid to her with interest. The facts in the two cases are not alike, and the cases are plainly distinguishable. In this case he building was destroyed in the life-time of the insured. In the Wyman case the hotel was burned nearly a year after the death of the insured, and after it had descended to, and the title to the hotel had vested in the heirs. In this case the liability of the insurance company to Mrs. Winchell became fixed by the destruction of the house in her life-time, and the company adjusted it, by settling with, and paying her therefor. Formerly that liability would have been limited to the cash value of her life estate at the time of the loss. Ins. Co. v. Hammer, 2nd Ohio St., 452. May on Ins. secs. 423 and 432a; Ins. Co. v. Creation, 98 Pa. St., 451; May on Ins. secs. 456, sec. 424, p. 97 8, where the author says: "A part owner insuring in his own name only, not mentioning any other interested person, can recover only the amount of his own interest". Finney v. Ins. Co. 1st. Met., 16 p. 18; Dumos v. Jones, 4th Mass., 647, p. 651. Ins. Co. v. Elizabeth Boyl et al., 21 Ohio St., 119, opin. 129.

The law limiting the liability of the insurer, to the cash value of the interest of the insured at the time of the loss, has been changed in Ohio by sec. 3643, Revised Statutes, which was in force, when this policy was issued, and when the loss occurred. It reads as follows: "Any person, company or association, hereafter insuring any building or structure against loss or damage by fire or lighting, by renewal of a policy heretofore issued or otherwise, shall cause such building or structure to be examined by an agent of the insurer and a full description thereof to be made, and the insurable value thereof to be fixed by such agent; in the absence of any change increasing the risk, without the consent of the insurers, and also of intentional fraud on the part of the insured, in case of total loss the amount mentioned in the policy, or renewal, upon

which the insurers received a premium shall be paid''.

The exceptor claims the answers of Mrs. Winchell in making the application herein as stated, prove intentional fraud by her, in obtaining this insurance. Had the insurance company denied all liability under this policy, and plead intentional fraud on the part of Mrs. Winchell in obtaining this insurance, and thereby resisted all liability upon the policy — in such an action the intent with which she made those answers, and their tendency to prove intentional fraud, could have been considered. The question of whether the company was liable, and the amount of its liability under the policy, were questions to be settled by and between Mrs. Winchell and the company. When the company settled with her, and paid her the amount mentioned in the policy of $700—it thereby waived all grounds of defense, and rendered those answers by Mrs. Winchell immaterial in this case. We find there was no intentional fraud on her part, and there was no change increasing the risk.

We further find that the $700 mentioned in the policy, and paid by the company to Mrs. Winchell, is largely in excess of the value of the insurable interest of her life estate in the dwelling house-; yet we hold, as matter of law, that the heirs of Henry Winchell have no claim to that over insurance, or any part of it, though it should be found to equal the whole insurable interest of a title in fee to said house.

Upon the total destruction of the house by fire, the liability of the company to Mrs. Winchell under said policy, was controlled and fixed by section 3643, of the Statutes, at the sum of $700. That section moulded the obligation of the contract with Mrs. Winchell into harmony with its provision, and established the rule and measure of the liability of the insurance company to her. Ins. Co. v. Lesley, 47 Ohio St., 409.

In delivering the opinion of the court, in the case of Insurance Company v. Hull, 51 Ohio St., opin. p. 283 and 284, Judge Williams used the following language in construing that section—to-wit: ''The property insured having been totally destroyed, the sum due on the policy was, under the provisions of our statute, section 3643, as clearly fixed at the amount for which the policy was in force when the fire occurred, as if it had been evidenced by the company's note.''

We find that Mrs. Winchell did not treat that $600 as the money of the heirs of Henry Winchell, and the company made no mistake in paying to her the $700 mentioned in the policy, that being the amount for which it became liable to her, under the policy, upon the destruction of the house by fire. We therefore overrule the exception in his case, and affirm the account excepted to, and remand this case to the probate court to be there carried into effect according to law, at the cost of the exceptor made upon these exceptions.

Henry Means, for Mrs. Hubbard, the Exceptor.

Wade & Betts, for the Executor of Sybil Winchell.